UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANDREW BEISSEL, an individual, J&B ENTERPRISES, INC., a Colorado Corporation, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WESTERN FLYER EXPRESS, LLC, an Oklahoma Limited Liability Company, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) Case No. 4:20-cv-00638-JED-JFJ ) ) ) ) ) ) |

**DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE, TO TRANSFER, AND OPENING BRIEF IN SUPPORT**

Michael F. Smith, OBA #14815
Tim Spencer, OBA #33277
McAfee & Taft A Professional Corporation
Two W. Second Street, Suite 1100
Williams Center Tower II
Tulsa, Oklahoma 74103
(918) 587-0000
(918) 599-9317 facsimile
michael.smith@mcafeetaft.com
tim.spencer@mcafeetaft.com

ATTORNEYS FOR DEFENDANT

February 8, 2021

## TABLE OF CONTENTS

I. INTRODUCTION AND SUMMARY ................................................................................1

II. ARGUMENT AND AUTHORITIES ................................................................................3

    A. WFX is Entitled to Enforce the Forum-Selection Clause Through a Rule 12(b)(6) Motion to Dismiss or *Forum Non Conveniens* ..................................3

        i. The Forum-Selection Clause Applies to Plaintiffs' Extra-Contractual Claims ..................................................................................5

        ii. A Forum-Selection Clause Alters the § 1404(a) Analysis ..........................6

        iii. The Mandatory Forum-Selection Clause Between WFX and Plaintiffs Should Be Enforced ..................................................................7

        iv. None of the Relevant Factors Outweigh the Forum-Selection Clause ..........................................................................................................8

    B. In the alternative, This Action Should Be Transferred to the Western District Pursuant to the Forum-Selection Clause and 28 U.S. § 1404(a) .................10

    C. Plaintiffs' Claim Under the ODTPA Fails as a Matter of Law Because Plaintiffs Do Not Allege They Are in Competition with WFX .............................11

III. CONCLUSION ..................................................................................................................13

## TABLE OF AUTHORITIES

**CASES**

*ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters,*
    728 F.3d 853 (8th Cir. 2013) ........................................................................................4

*American Soda, LLP v. U.S. Filter Wastewater Group, Inc.,*
    428 F.3d 921 (10th Cir. 2005) ........................................................................................7

*Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas,*
    571 U.S. 49 (2013)................................................................................................*PASSIM*

*Bell v. Davidson,*
    1979 OK 66, 597 P.2d 751..........................................................................................11

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 ..................................................................................................................3

*Brannon v. Boatmen's Nat'l Bank of Oklahoma,*
    1999 OK CIV APP 17, 976 P.2d 1077 ........................................................................12

*Chrysler Credit Corp. v. Country Chrysler, Inc.,*
    928 F.2d 1509 (10th Cir. 1991). ....................................................................................6

*Claudio-De Leon v. Sistema Universitario Ana G. Mendez,*
    775 F.3d 41 (1st Cir. 2014)............................................................................................4

*Conatzer v. American Mercury Ins. Co., Inc.,*
    2000 OK CIV APP 141, 15 P.3d 1252 .......................................................................11

*Dean Witter Reynolds, Inc. v Howsam,*
    261 F.3d 956 (10th Cir. 2001) ......................................................................................2

*Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC,*
    953 F.3d 660 (10th Cir. 2020), cert. denied sub nom .....................................................4

*Excell, Inc. v. Sterling Boiler & Mech., Inc.,*
    106 F.3d 318 (10th Cir. 1997) ......................................................................................7

*Flanagan v. Access Midstream Partners, L.P.,*
    17-CV-315-GKF-JFJ, 2017 WL 4324535 (N.D. Okla. Sept. 28, 2017)....................5, 6

*Hancock v. AT&T,*
    804 F. Supp. 2d 1215 (W.D. Okla. 2011)....................................................................8

*Jones v. Bock*,
    549 U.S. 199 (2007) ................................................................................................5

*K & V Scientific Co., Inc. v. Bayerische Motoren Werke Aktiengesellschaft*,
    314 F.3d 494 (10th Cir. 2002) ..................................................................................7

*Kelvion, Inc. v. PetroChina Canada Ltd.*,
    918 F.3d 1088 (10th Cir. 2019) ................................................................................4

*Lindauer v. Elna Sefcovic, LLC*,
    20-469, 2020 WL 6701122 (U.S. Nov. 16, 2020) ....................................................4

*Mann v. Auto Protection Corp.*,
    777 F. Supp. 2d 1234 (D.N.M. 2011) .......................................................................5

*McGirt v. Oklahoma*,
    140 S. Ct. 2452 (2020). ............................................................................................9

*McWhirter v. Fire Ins. Exchange, Inc.*,
    1994 OK 93, 878 P.2d 1056 ...................................................................................11

*Milk 'N' More, Inc. v. Beavert*,
    963 F.2d 1342 (10th Cir. 1992) ................................................................................7

*Niemi v. Lasshofer*,
    770 F.3d 1331 (10th Cir. 2014) ................................................................................4

*Norwood v. Kirkpatrick*,
    349 U.S. 29 (1955) .................................................................................................10

*Parkinson v. Boston Sci. Corp.*,
    8-CV-277-JED- JFJ, 2018 WL 4328260 (N.D. Okla. July 31, 2018) ...................11

*Piper Aircraft Co. v. Reyno*,
    454 U.S. 235 (1981) ............................................................................................6, 9

*Presbyterian Healthcare v. Goldman Sachs & Co.*,
    122 F. Supp. 3d 1157 (D.N.M. 2015) .......................................................................5

*Riley v. Kingsley Underwriting Agencies, Ltd.*,
    969 F.2d 953 (10th Cir. 1992) ..................................................................................8

*Sinochem Int'l Co., Ltd. v. Malaysia Int'l Shipping Corp.*,
    549 U.S. 422 (2007) ..........................................................................................6, 10

*Sun Specialized Heavy Haul, LLC v. Ace Heavy Haul, LLC*
    No. 16-CV-491-GKF-PJC, 2016 WL 4942333 (N.D. Okla. Sept 13, 2016) ...................... 7

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007) ............................................................................................................ 5

*Thomas v. Metro. Life Ins. Co.*,
    540 F. Supp. 2d 1212 (W.D. Okla. 2008) ................................................................ 12, 13

*Utah Gospel Mission v. Salt Lake City Co.*,
    425 F.3d 1249 (10th Cir. 2005) ......................................................................................... 2

*Webb v. Batt*,
    No. 12-CV-0242-CVE-FHM, 2012 WL 5874366 (Nov. 20, 2012) .................................. 3

*Wilson v. 5 Choices, LLC*,
    776 Fed. Appx. 320 (6th Cir. 2019) .................................................................................. 4

*Wood v. Milyard*,
    566 U.S. 463 (2012) ........................................................................................................... 4

*XETA Techs., Inc. v. Exec. Hosp., Inc.*,
    No. 08-CV-197-GKF-PJC, 2008 WL 5070726 (N.D. Okla. Nov. 21, 2008) ...................... 8

**OTHER AUTHORITIES**

FED. R. CIV. P. 12(b)(3) ................................................................................................................3

FED. R. CIV. P. 12(b)(6) .......................................................................................................*PASSIM*

28 U.S.C. § 1391(b)(1). ................................................................................................................11

28 U.S.C. § 1404(a) ............................................................................................................*PASSIM*

28 U.S.C. § 1406(a) ........................................................................................................................3`

OKLA. STAT. tit. 78, § 51 *et seq* ....................................................................................................3

Black's Law Dictionary 482
  (B. Garner ed. 9th 3d. 2009) ..............................................................................................5

Defendant Western Flyer Express, LLC ("WFX"), moves this Court pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiffs' Complaint for failure to state a claim. In the alternative, WFX moves to transfer this action to the United States District Court for the Western District of Oklahoma ("Western District"). In support of this motion, WFX shows this Court as follows:

## I.   INTRODUCTION AND SUMMARY

Andrew Beissel and his sole proprietorship J&B Enterprises Inc. (collectively "Plaintiffs") allege that they entered into Independent Contractor Agreements with WFX and Vehicle Lease Agreements with R.W. Timms Leasing, LLC ("RWTL") to provide transportation services to WFX, an arrangement Plaintiffs refer to as the "Driving Opportunity." [Doc. 2: Complaint at ¶¶ 1- 2.] Plaintiffs allege that WFX's "primary business consists of providing transportation services to various clients." [*Id.* at ¶ 13.] Plaintiffs' claims include, that WFX allegedly advertised the Driving Opportunity as part of a "multi-pronged fraudulent scheme" in order to retain drivers "to provide long haul delivery services," [*Id.* at ¶¶ 15-16]; WFX allegedly presented false and misleading information to induce drivers to purchase the Driving Opportunity, [*Id.* at ¶¶ 24-33]; the Driving Opportunity presented drivers with falsities such as "a viable career," and "touted average mileage, income, and length of haul figures," [*Id.* at ¶ 24]; it was unlawful for WFX "to engage in the sale of such [business] opportunity utilizing false and/or misleading information and/or by omissions of material facts," [*Id.* at ¶ 47]; and that WFX's advertisements and marketing were false and misleading as to (1) driver's average mileage and income, (2) sustained viable economic opportunity, (3) expectations on paychecks, and (4) turnover rates. [*Id.* at ¶ 48.]

Plaintiff Beissel attended WFX's orientation between November 11 and 13, 2019, and then provided about two weeks of driving services to WFX, characterizing those in the Complaint as from "November 2019 to December 2019." [*Id.* at ¶¶ 5 and 27.] Based on these allegations,

1

Plaintiffs sued WFX asserting claims for damages based on the (1) Oklahoma Consumer Protection Act, (2) the Oklahoma Deceptive Trade Practices Act, (3) actual and constructive fraud, and (4) negligence per se. [*Id.* at ¶¶ 43-73.] Plaintiffs seek to represent current and former similarly situated drivers who entered into Independent Contractor Agreements ("ICAs") with WFX to provide transportation services for WFX, and who also entered into vehicle lease agreements, at any time from three years prior to the filing of the Complaint through the resolution of this action. [*Id.* at ¶ 34.]

Pursuant to the face of the Complaint, the agreements between WFX "and all Drivers provide for **all disputes to be litigated in Oklahoma County state or federal courts**." [Doc. 2: Complaint at ¶ 9 (emphasis added).] This allegation is consistent with the contract entered into between WFX and Plaintiff J&B Enterprises Inc., and signed by Plaintiff Beissel, which mandates that "any claim or dispute arising from or in connection with this Agreement or otherwise with respect to the overall relationship between the parties, whether under federal, state, local, or foreign law, **shall be brought exclusively in state or federal courts located in Oklahoma County, Oklahoma**." [Exh. 1: ICA at p. 21, ¶ 17 (emphasis added).][1] Because the Complaint and the forum-selection clause designates Oklahoma County state or federal court as the mandatory venue for any disputes by Plaintiffs against WFX, Plaintiffs' Complaint fails to state a claim in this Court and should be dismissed under Rule 12(b)(6) and the doctrine of *forum non conveniens*. In the

---

[1] Plaintiffs discuss and base their claims around the ICA and Lease Agreements. As such, the Court may properly consider the ICA without converting this into a motion for summary judgment. *Utah Gospel Mission v. Salt Lake City Co.*, 425 F.3d 1249, 1253-54 (10th Cir. 2005) ("[A] document central to the plaintiff's claim and referred to in the complaint may be considered in resolving a motion to dismiss, at least where the document's authenticity is not in dispute."); *Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 961 (10th Cir. 2001) ("It is accepted practice that, 'if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to plaintiff's claim, a defendant may submit an indisputable copy to the court to be considered on a motion to dismiss.'").

2

alternative, and pursuant to 28 U.S.C. § 1404(a), this matter should be transferred to the Western District.

Additionally, WFX moves to dismiss Plaintiffs' First Claim for Relief pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs' First Claim for Relief, based on the Oklahoma Deceptive Trade Practices Act, OKLA. STAT. tit. 78, § 51 *et seq.* ("ODTPA"), should be dismissed because Plaintiffs do not and cannot allege they are businesses in competition with WFX. Thus, and as demonstrated below, Plaintiffs' claim under the ODTPA should be dismissed for failure to state a claim.

## II.   ARGUMENT AND AUTHORITIES

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the complaint has stated a claim upon which relief may be granted. To avoid dismissal, a complaint must allege facts that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must allege enough "facts to state a claim to relief that is plausible on its face." *Id.* at 570. "'[W]hen the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief,' the cause of action should be dismissed." *Webb v. Batt*, No. 12-CV-0242-CVE-FHM, 2012 WL 5874366, at *2 (Nov. 20, 2012) (quoting *Twombly*, 550 U.S. at 558).

### A.   WFX is Entitled to Enforce the Forum-Selection Clause Through a Rule 12(b)(6) Motion to Dismiss or *Forum Non Conveniens*.

In *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, the Supreme Court evaluated the procedural mechanism for enforcing a forum-selection clause. 571 U.S. 49, 59 (2013). The Court concluded that a forum-selection clause "does not render venue in a [federal] court 'wrong' or 'improper' within the meaning of [28 U.S.C.] § 1406(a) or Rule 12(b)(3), [but]

3

the clause may be enforced through a motion to transfer under [28 U.S.C.] § 1404(a)." *Id.* at 59.[2] Although the Court analyzed the forum-selection clause there, under the rubric of a motion to transfer pursuant to § 1404(a), the Supreme Court left open the option of enforcing a forum-selection clause through a Rule 12(b)(6) motion. *Atlantic Marine Const. Co., Inc.*, 571 U.S. at 61 n.4. The Court declined to address the 12(b)(6) analysis because no such motion had been made by the parties in the underlying case. *Id.* at 61.

The Tenth Circuit Court of Appeals has not squarely addressed the question of whether a party can enforce a forum-selection clause through a 12(b)(6) motion.[3] Other courts have. *See, e.g., Wilson v. 5 Choices, LLC*, 776 Fed. Appx. 320 (6th Cir. 2019); *Claudio-De Leon v. Sistema Universitario Ana G. Mendez*, 775 F.3d 41 (1st Cir. 2014). This is because the existence of a mandatory forum-selection clause operates as an affirmative defense, which, if shown on the face of the complaint, warrants dismissal through a 12(b)(6) motion. *ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters*, 728 F.3d 853, 861 (8th Cir. 2013) ("[i]f an affirmative defense ... is apparent on the face of the complaint ... that [defense] can provide the basis for dismissal under Rule 12(b)(6)").

A forum selection clause is a contractual provision under which the parties consent to a particular forum and relinquish their respective rights to any other forum; in other words, the clause is an "intentional relinquishment or abandonment of a known right" and operates as an express waiver by the parties. *Wood v. Milyard*, 566 U.S. 463, 474 (2012). Accordingly, a forum selection

---

[2] Section 1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

[3] The Tenth Circuit has cited *Atlantic Marine Const. Co. Inc.* in three cases. *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 668 (10th Cir. 2020), cert. denied sub nom. *Lindauer v. Elna Sefcovic, LLC*, 20-469, 2020 WL 6701122 (U.S. Nov. 16, 2020) (discussing *Atlantic Marine Const. Co. Inc.* but not addressing whether a forum-selection clause can be enforced in a 12(b)(6) motion to dismiss); *Kelvion, Inc. v. PetroChina Canada Ltd.*, 918 F.3d 1088, 1091 (10th Cir. 2019) (same); *Niemi v. Lasshofer*, 770 F.3d 1331, 1351 (10th Cir. 2014) (same).

4

clause is, by definition, an "affirmative defense" because it may deny judgment to a plaintiff "even if all the allegations in the complaint are true." *See* Black's Law Dictionary 482 (B. Garner ed., 9th ed. 2009). When a complaint, on its face, evinces an affirmative defense, the complaint is subject to dismissal under Rule 12(b)(6). *Jones v. Bock*, 549 U.S. 199, 215 (2007).

Here, Plaintiffs' Complaint is, on its face, subject to dismissal under Rule 12(b)(6). The Complaint expressly acknowledges, consistent with the ICA, that the agreements between WFX "and all Drivers provide for all disputes to be litigated in Oklahoma County state or federal courts." [Doc. 2: Complaint at ¶ 9.] Under these circumstances, the ICA is construed as part of the Complaint. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference"). Thus, pursuant to the face of the Complaint and the ICA, Plaintiffs' Complaint fails to state a claim in this Court and it should be dismissed.

### i.  The Forum-Selection Clause Applies to Plaintiffs Extra-Contractual Claims.

"[C]ourts have interpreted forum-selection clauses broadly to govern freestanding, non-contract claims." *Presbyterian Healthcare v. Goldman Sachs & Co.*, 122 F. Supp. 3d 1157, 1203 (D.N.M. 2015). "[W]here ... claims ultimately depend on the existence of a contractual relationship ... such claims are covered by a contractually-based forum selection clause, despite the pleading of alternative non-contractual theories of liability." *Flanagan v. Access Midstream Partners, L.P.*, 17-CV-315-GKF-JFJ, 2017 WL 4324535, at *2 (N.D. Okla. Sept. 28, 2017) (quoting *Mann v. Auto Protection Corp.*, 777 F. Supp. 2d 1234, 1243 (D.N.M. 2011) (internal quotation marks omitted). The forum-selection clause at issue here expressly applies to "any claim or dispute arising from or in connection with this [ICA] or otherwise with respect to the overall relationship between the

parties, whether under federal, state, local, or foreign law." [Exh. 1: ICA at p. 21, ¶ 17.] Such language is broad enough to encompass extra-contractual claims like those alleged by Plaintiffs here. *Flanagan*, 2017 WL 4324535, at *2.

### ii. A Forum-Selection Clause Alters the § 1404(a) Analysis.

The Tenth Circuit has identified several factors for consideration by a district court when ruling on a *forum non conveniens* motion. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991). However, in a case involving a mandatory forum-selection clause, the standard analysis is altered. *Atlantic Marine Const. Co.*, 571 U.S. at 63.

First, the plaintiff's choice of forum is entitled to no weight. *Atlantic Marine Const. Co.*, 571 U.S. at 63. This is so because "when a plaintiff agrees by contract to bring suit only in a specified forum—presumably in exchange for other binding promises by the defendant—the plaintiff has effectively exercised its 'venue privilege' before a dispute arises." *Id.*[4] Additionally, the Court should not consider arguments going to the parties' private interests, and the Court "must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* at 64. The Court may consider public interest factors only, but these factors will "rarely defeat" a forum selection clause. *Id.* Finally, "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest consideration." *Id.*

---

[4] Plaintiff Beissel is a resident of Ohio and his company J&B Enterprises is a Colorado corporation. [Doc. No. 2: Complaint at ¶¶ 10-11.] When the "plaintiff's choice is not its home forum … the presumption in the plaintiff's favor 'applies with less force.' For the assumption that the chosen forum is appropriate is then 'less reasonable.'" *Sinochem Int'l Co., Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981)). Plaintiffs' selection of the Northern District as their forum of choice would be entitled to little weight even under the traditional *forum non conveniens* analysis.

### iii. The Mandatory Forum-Selection Clause Between WFX and Plaintiffs Should Be Enforced.

Forum-selection "clauses are prima facie valid and should be enforced." *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992); *accord Sun Specialized Heavy Haul, LLC v. Ace Heavy Haul, LLC*, No. 16-CV-491-GKF-PJC, 2016 WL 4942333, at *1 (N.D. Okla. Sept. 13, 2016). And they "generally come in two varieties—mandatory or permissive." *Sun Specialized*, 2016 WL 4942333, at *1. Mandatory clauses contain "clear language showing that jurisdiction is appropriate only in the designated forum." *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 321 (10th Cir. 1997) (quotation marks and citation omitted). Permissive clauses merely "authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere." *Id.* (quotation marks and citation omitted).

The forum-selection clause Plaintiffs agreed to with WFX is mandatory. It provides in pertinent part that "any claim or dispute arising from or in connection with this [ICA] or otherwise with respect to the overall relationship between the parties ... **shall be brought exclusively** in ... courts located in Oklahoma County...." [Exh. 1: ICA at p. 21, ¶ 17 (emphasis added).][5] "[W]hen venue is specified, such as when the parties designate a particular county or tribunal, and the designation is accompanied by mandatory or obligatory language, a forum selection clause will be enforced as mandatory." *American Soda, LLP v. U.S. Filter Wastewater Group, Inc.*, 428 F.3d 921, 926-27 (10th Cir. 2005) (citing *K & V Scientific Co., Inc. v. Bayerische Motoren Werke Aktiengesellschaft*, 314 F.3d 494, 499 (10th Cir. 2002)). The language of the forum-selection clause at issue here is unambiguous, unequivocal, and mandatory. *Milk 'N' More, Inc.*, 963 F.2d at 1345-46 (holding the clause stating "'venue shall be proper . . . in Johnson County, Kansas'"

---

[5] The selection of Oklahoma County as the mandatory forum for litigating disputes arising from the ICA is appropriate as that is where WFX's principal place of business is located. [Doc. No. 2: Complaint at ¶ 13.]

7

deemed mandatory and enforceable); *see also Hancock v. AT&T*, 804 F. Supp. 2d 1215, 1218-19 (W.D. Okla. 2011) (clause stating parties "agree to submit to the personal and exclusive jurisdiction of the courts located within the county of Bexar County, Texas" deemed mandatory and enforceable).

Courts enforce a mandatory forum-selection clause unless it is "invalid" or enforcement would be "unreasonable and unjust" under the circumstances." *XETA Techs., Inc. v. Exec. Hosp., Inc.*, No. 08-CV-197-GKF-PJC, 2008 WL 5070726, at *1 (N.D. Okla. Nov. 21, 2008). Plaintiffs bear the burden of establishing that the forum-selection clause is invalid. "[A] party resisting enforcement [of a forum-selection clause] carries a heavy burden of showing that the provision itself is invalid due to fraud or overreaching or that enforcement would be unreasonable and unjust under the circumstances." *Hancock*, 804 F. Supp. 2d at 1222-23 (quoting *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 957 (10th Cir. 1992)). However, Plaintiffs here make no allegations regarding the validity of the forum-selection clause and in fact admit that the contracts between the parties mandate claims be litigated in state or federal court in Oklahoma County, Oklahoma. Additionally, as Plaintiffs are citizens of and located in Ohio and Colorado, there is no real basis for them claiming enforcement of the forum-selection clause would be unreasonable as between this Court and the Western District.

                iv.    **None of the Relevant Factors Outweigh the Forum-Selection Clause.**

As noted above, when a *forum non conveniens* motion is predicated on a forum-selection clause, the Plaintiffs' choice of forum is entitled to no weight. *Atlantic Marine Const. Co., Inc.*, 571 U.S. at 63. Similarly, the Court "must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* at 64. That only leaves the public-interest factors consisting of "the administrative difficulties flowing from court congestion; the local interest in having localized

controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 63 n.6 (quoting *Piper Aircraft Co.*, 454 U.S. at 241, n.6). However, the Supreme Court recognized that public-interest "factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* at 63.

"As the party acting in violation of the forum-selection clause, [Plaintiffs] must bear the burden of showing that public-interest factors overwhelmingly disfavor a transfer." *Atlantic Marine Const. Co., Inc.*, 571 U.S. at 67. Plaintiffs will not be able to carry that heavy burden here. Based on information and belief, this Court is experiencing unprecedented court congestion because of the Supreme Court's recent decision in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020). This factor favors enforcing the forum-selection clause. Additionally, as WFX's principal place of business is in the Western District, this controversy against WFX should be decided there. This factor also favors enforcing the forum-selection clause. Finally, both this forum and the Western District are familiar with and would apply Oklahoma law to this dispute. Thus, this factor is neutral at best. Of the three public-interest factors considered when a *forum non conveniens* motion is based on a mandatory forum-selection clause, two favor enforcing the forum-selection clause and one is neutral. Thus, this Court should enforce the forum-selection clause.

In reviewing the Complaint, it is clear on its face that it is subject to dismissal. The Complaint alleges that agreements between WFX and all drivers "provide for all disputes to be litigated in Oklahoma County state or federal courts." [Doc. 2: Complaint at ¶ 9.] Again, this is consistent with the ICA, which mandates "any claim or dispute arising from or in connection with this Agreement or otherwise with respect to the overall relationship between the parties, whether under federal, state, local, or foreign law, shall be brought exclusively in state or federal courts

located in Oklahoma County, Oklahoma." [Exh. 1: ICA at p. 21, ¶ 17.] Accordingly, Plaintiffs' requested relief cannot be granted here and the case should be dismissed.

Plaintiffs may argue dismissal is inappropriate or works an injustice on the Plaintiffs. The Supreme Court, however, will not agree. In *Atlantic Marine Const. Co., Inc.*, it explained, "We have noted in contexts unrelated to forum-selection clauses that a defendant 'invoking *forum non conveniens* ordinarily bears a heavy burden in opposing the plaintiff's chosen forum.'" 571 U.S. at 66 n.8 (quoting *Sinochem Int'l Co.*, 549 U.S. at 430). "That is because of the 'harsh[] result' of that doctrine: Unlike a § 1404(a) motion, a successful motion under *forum non conveniens* requires dismissal of the case." *Id.* (quoting *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)). "That inconveniences plaintiffs in several respects and even 'makes it possible for [plaintiffs] to lose out completely, through the running of the statute of limitations in the forum finally deemed appropriate.'" *Id.* (quoting *Norwood*, 349 U.S. at 31). "**Such caution is not warranted, however, when the plaintiff has violated a contractual obligation by filing suit in a forum other than the one specified in a valid forum-selection clause. In such a case, dismissal would work no injustice on the plaintiff.**" *Id.* (emphasis added).

For all these reasons, WFX respectfully submits this Court should dismiss Plaintiffs' Complaint for failure to state a viable claim because the mandatory forum-selection clause requires this action be litigated in state or federal court in Oklahoma County, Oklahoma. This action, filed outside of state or federal court Oklahoma County should not be permitted to proceed.

### B. In the Alternative, this Action Should be Transferred to the Western District Pursuant to the Forum-Selection Clause and 28 U.S. § 1404(a).

In the alternative, "a forum-selection clause . . . may be enforced through a motion to transfer under § 1404(a)." *Atlantic Marine Const. Co., Inc.*, 571 U.S. at 59. As this Court and the Supreme Court have recognized, "a valid forum-selection clause [should be] 'given controlling

weight in all but the most exceptional cases.'" *Parkinson v. Boston Sci. Corp.*, 18-CV-277-JED-JFJ, 2018 WL 4328260, at *1 (N.D. Okla. July 31, 2018) (quoting *Atlantic Marine Const. Co., Inc.*, 571 U.S. at 59-60. WFX respectfully submits that this action could be transferred to the Western District pursuant to the parties' forum-selection clause.

In *Atlantic Marine Constr. Co., Inc.*, the Supreme Court explained that 28 U.S.C. § 1404(a) is an appropriate mechanism for a federal district court to transfer a case to another federal district court based on the presence of a forum selection clause. 571 U.S. at 59. Under § 1404(a), a court may transfer a case to any judicial district in which it could originally have been filed "[f]or the convenience of parties and witnesses." 28 U.S.C. § 1404(a). As the Complaint alleges, WFX "is an Oklahoma limited liability company with its principal place of business in Oklahoma City, Oklahoma." [Doc. 2: Complaint at ¶ 13.] Pursuant to the federal venue statute, a civil action may be brought in "a judicial district in which any defendant resides…." 28 U.S.C. § 1391(b)(1). Thus, this matter could originally have been filed in the Western District which encompasses Oklahoma County where WFX's principal place of business is located. In the event this Court denies WFX's motion to dismiss based on the mandatory forum-selection clause, this case should, at a minimum, be transferred to the Western District.

C. **Plaintiffs' Claim Under the ODTPA Fails as a Matter of Law Because Plaintiffs Do Not Alleged They Are in Competition with WFX.**

The ODTPA prohibits unfair competition ***against competitors***. The ODTPA does not provide Plaintiffs a private cause of action. "It has been definitively established that those laws protect competing business interests and do not present a basis for suit by consumers." *Conatzer v. American Mercury Ins. Co., Inc.*, 2000 OK CIV APP 141, ¶ 7, 15 P.3d 1252, 1254 (citing *Bell v. Davidson*, 1979 OK 66, 597 P.2d 751); *see also McWhirter v. Fire Ins. Exchange, Inc.*, 1994 OK 93, ¶ 5, 878 P.2d 1056, 1057-58 ("no private cause of action . . . under the [Unfair Claim

11

Settlement Practice and Deceptive Trade Practices] Acts"); *Brannon v. Boatmen's Nat'l Bank of Oklahoma*, 1999 OK CIV APP 17, 976 P.2d 1077, 1082 n.5 (dissent) (supporting dismissal of ODTPA claim because it was "designed to provide a remedy for injury incurred in the competitive arena"). In *Thomas v. Metro. Life Ins. Co.*, the Western District of Oklahoma dismissed an ODTPA claim explaining that "[t]he complaint alleges wrongdoing to the plaintiffs by virtue of their status as purchasers, or consumers, of [defendant's] proprietary products. There are no allegations that plaintiffs are businesses in competition with [defendant] as required under the ODTPA." 540 F. Supp. 2d 1212, 1228 (W.D. Okla. 2008).

Here, Plaintiffs' Complaint fails to allege any wrongdoing by WFX by virtue of being a business in competition with Plaintiffs under the ODTPA. In the context of interstate commerce, Plaintiffs are service providers, and, WFX is a service provider. However, each provide different services, not in competition with one another. Because commercial transportation is so highly regulated, a "motor carrier" such as WFX, must be licensed and authorized from the United States Department of Transportation ("USDOT") and is, therefore, subject to extensive regulation by the Federal Motor Carrier Safety Administration and the Oklahoma Corporation Commission. Plaintiffs here, together, formed a contracted independent owner/operator business, which did not include as part of such business, license and authority from the USDOT. Plaintiffs, here, were in the business of providing only driving services and equipment for lease, each of which are subject to far less regulatory requirements than what is required *in toto* for motor carrier compliance. Plaintiffs do not allege, and based on information and belief, they cannot allege, that they are a licensed and authorized motor carrier with the USDOT, so Plaintiffs cannot allege they are in competition with WFX—a necessary element of a valid ODTPA claim under Oklahoma law. Based on the Complaint, even if amendment were allowed, Plaintiffs could not assert they were

WFX's competitors with regard to their participation in the Driving Opportunity, by virtue of the fact that neither Plaintiff was a licensed and authorized motor carrier. Thus, Plaintiffs' ODTPA claim should be dismissed with prejudice. *Thomas*, 540 F. Supp. 2d at 1228 ("Based on the pleadings, it is obvious that even if amendment were allowed, plaintiffs could not allege that they are competitors of [defendant]. Accordingly, amendment would be futile, and plaintiffs' claims for violation of the ODTPA should be dismissed with prejudice for failure to state a claim.").

### III. CONCLUSION

The parties contractually agreed that any claim or dispute "shall be brought exclusively in state or federal courts located in Oklahoma County, Oklahoma." Plaintiffs' Complaint therefore fails to state a claim in this Court and should be dismissed (or in the alternative transferred to the Western District). Additionally, Plaintiffs' ODTPA claim should be dismissed because Plaintiffs have not alleged and cannot allege they were competitors of WFX.

Respectfully submitted,

*s/Michael F. Smith*
Michael F. Smith, OBA #14815
Tim Spencer, OBA #33277
McAfee & Taft A Professional Corporation
Two W. Second Street, Suite 1100
Williams Center Tower II
Tulsa, Oklahoma 74103
(918) 587-0000
(918) 599-9317 facsimile
michael.smith@mcafeetaft.com
tim.spencer@mcafeetaft.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

      I hereby certify that on February 8, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to those registered participants of the Electronic Case Filing System.

                                        *s/ Michael F. Smith*
                                        Michael F. Smith