IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

ANDREW BEISSEL, an individual, )
J&B ENTERPRISES, INC., a Colorado )
Corporation, individually and on behalf )
of all others similarly situated, )
)
        Plaintiffs, ) Case No. 20-CV-638-TCK-SH
)
v. )
)
WESTERN FLYER EXPRESS, LLC, )
an Oklahoma Limited Liability Company, )
)
        Defendant. )

## **OPINION AND ORDER**

Before this Court is Defendant Western Flyer Express, LLC's, Motion to Dismiss or in the Alternative, to Transfer, and Opening Brief in Support. (Docs. 24, 25). This document was docketed as two separate motions: a motion to dismiss for failure to state a claim and a motion to transfer to another district; however, Defendant's Motion is only one document. While only one document, Defendant's Motion advances two theories for dismissal under Rule 12(b)(6). Defendant's first challenge to the Complaint seeks dismissal for failure to state a claim *or* transfer the case in accordance with a contractual forum selection clause between Plaintiff and Defendant; the second Rule 12(b)(6) issue Defendant raises in its Motion is related to the Plaintiff's Oklahoma Deceptive Trade Practices Act (ODTPA) claim.

Plaintiff filed a single response in opposition to Defendant's motions. (Doc. 26). With respect to the venue issue, Plaintiff argues that Rule 12(b)(6) does not apply to the enforcement of contractual forum selection clauses, and while the Plaintiff does not challenge the validity or enforceability of the forum selection clause in his contract with Defendant, Plaintiff nevertheless

contends that the public interests at stake weigh in favor of denying Defendant's alternative request to transfer the case. (Doc. 26).

Defendant's Reply (Doc. 27) refutes the Plaintiff's public interest considerations in the 28 U.S.C. § 1404 analysis. (Doc. 27). For the reasons set forth below, the Court finds that the case should be transferred to the Western District of Oklahoma and leaves the ODTPA issue to be resolved by the transferee court.

## I.   BACKGROUND

On November 13, 2019, Plaintiff Andrew Beissel and his closely held corporation, J&B Enterprises, Inc. (collectively, Plaintiff), entered into a Vehicle Lease Agreement with R.W. Timms Leasing, LLC, for the lease of a commercial truck, with a purchase option at the expiration of the lease. (Doc. 2 at 1–2). Upon signing the lease-purchase agreement, Plaintiff simultaneously signed an Independent Contractor Agreement with Defendant to provide long haul truck driving services for Defendant's customers. (*Id.*). The Vehicle Lease Agreement and the Independent Contractor Agreement were part of a nation-wide "Driving Opportunity" marketing scheme by Defendant to recruit commercial truck drivers to lease trucks through Defendant's leasing affiliate (R.W. Timms Leasing) and then have those drivers transport cargo as independent contractors for Defendant. (*Id.* at 4).

Each week, Defendant would pay the truck drivers per-mile driven for the week, less lease-payment deductions, fuel, and other equipment-related charges. (*See generally Id*. at 1–12). At the expiration of the truck lease agreement, truck drivers had the option to purchase the truck for $1.00 or lease a new truck. (*Id.* at 11–12). Plaintiff filed a class action complaint in this Court on December 7, 2020, alleging fraud, negligence, and violations of the Oklahoma Consumer

2

Protection Act and ODTPA. While the Complaint addresses the entire Driving Opportunity scheme, Plaintiff's claims arise out of his Independent Contractor Agreement with Defendant.

Plaintiff's Complaint asserts four different theories to establish venue in this District. First, Plaintiff alleges venue is proper under 28 U.S.C. § 1391(b), stating that Defendant "has its headquarters and offices, conduct[s] business, and can be found in the District, and the causes of action set forth herein have arisen and occurred in part of the District." (Doc. 2 at 3). Second, Plaintiff claims that venue is proper under 29 U.S.C. § 1132(e)(2) because Defendant has "substantial business contacts within the state of Oklahoma and in this District." (*Id.*). Third, Plaintiff reasserts 28 U.S.C. § 1391 as the statutory basis for venue and alleges that "[a] substantial part of the events or omissions giving rise to Beissel's claims occurred in this judicial [D]istrict." (*Id.*). Fourth, Plaintiff claims that venue is proper in this District "because agreements between [Defendant] and all Drivers provide for all disputes to be litigated in Oklahoma County state or federal courts." (*Id.*).

Defendant filed a Motion to Dismiss, challenging venue and Plaintiff's ODTPA claim. With respect to venue, Defendant urges the Court to dismiss the Complaint or, in the alternative, to transfer the case to the Western District of Oklahoma. Defendant does not seek dismissal under the traditional procedural mechanisms for venue challenges under Federal Rule of Civil Procedure 12(b)(3) or 28 U.S.C. § 1406; rather, Defendant argues that the Complaint should be dismissed under Rule 12(b)(6) based on a forum selection clause in Defendant's Independent Contractor Agreement with Plaintiff (Agreement), which was attached as part of Exhibit 1 in Defendant's Motion. (Doc. 24-1 at 15–22). The relevant Agreement contains a forum selection clause in paragraph 17, which provides as follows:

> 17. **GOVERNING LAW AND CHOICE OF FORUM**. This Agreement is to be governed by the laws of the United States

> and of the State of Oklahoma, without regard to the choice-of-law rules of Oklahoma or any other jurisdiction. The parties further agree that any claim or dispute arising from or in connection with this Agreement or otherwise with respect to the overall relationship between the parties, whether under federal, state, local, or foreign law, shall be brought exclusively in state or federal courts located in Oklahoma County, Oklahoma.

(*Id.* at 21). The Western District of Oklahoma is located in Oklahoma County. Accordingly, Defendant urges the Court to dismiss the Complaint because there is no claim for which this Court may grant relief. (Doc. 24 at 3–5). Defendant then provides a request in the alternative to transfer the case to the Western District of Oklahoma, in accordance with the terms of the parties' contractual forum selection clause. (*Id.* at 10–11).

Plaintiff states that Defendant's Rule 12(b)(6) motion is "procedurally misguided." (Doc. 26 at 1). Specifically, Plaintiff argues that "*dismissal* under either [28 U.S.C.] § 1406(a) or Rule 12 [is] only proper if venue in the federal courts is '**wrong**.'" (*Id.* at 3) (emphasis original). To that end, Plaintiff asserts that the proper mechanism for enforcing the forum selection clause is a transfer under § 1404(a); however, Plaintiff nevertheless claims that the forum selection clause should not be enforced because the public-interest factors under a § 1404(a) analysis disfavor transfer to the Western District. (*Id.* at 3–7). Importantly, Plaintiff does not dispute the authenticity of the Agreement, the enforceability or validity of the forum selection clause in the Agreement, or that venue is not improper in the Western District of Oklahoma.

## II.  DISCUSSION

Plaintiffs are ordinarily vested with the privilege of selecting the forum they deem most advantageous. *Atl. Marine Constr. Co. v. U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49, 63 (2013). However, a contractual forum selection clause changes the general venue analysis because "the plaintiff has effectively exercised its 'venue privilege' before a dispute arises." *Id.* A

4

threshold consideration in enforcing a forum selection clause is whether the language provided in the agreement is mandatory or permissive. *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 321 (10th Cir. 1997). When venue is specified and accompanied by mandatory or obligatory language showing that jurisdiction is appropriate only in the designated forum, "a forum selection clause will be enforced as mandatory." *American Soda, LLP v. U.S. Filter Wastewater Group, Inc.*, 428 F.3d 921, 926–27 (10th Cir. 2005).

Here, the parties' forum selection clause specifies that disputes arising from their Agreement "shall be brought exclusively . . . in Oklahoma County." (Doc. 24-1 at 21). The clause includes the word "shall" and "exclusively," which evince the mandatory nature of the clause, and the parties do not dispute that the forum selection clause in the Agreement is mandatory. Accordingly, that clause is mandatory and will be enforced in the absence of a showing of exceptional circumstances or that transfer would be unreasonable. *Atl. Marine*, 571 U.S. at 62–63; *see also Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir.1992).

Forum selection clauses are presumed to be valid and will be enforced absent a showing of fraud or overreaching or that enforcement would be unreasonable under the circumstances. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 589 (1991); *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 15 (1972); *Milk 'N' More*, 963 F.2d at 1346. The party resisting enforcement of a forum selection clause "carries a heavy burden of showing that the provision itself is invalid due to fraud or overreaching or that enforcement would be unreasonable and unjust under the circumstances." *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 957 (10th Cir.1992). Plaintiff's arguments and authorities evince no facts demonstrating the provision is invalid.

**1. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)**

Defendant first seeks to enforce the forum selection clause by dismissing the Complaint

in its entirety under Rule 12(b)(6). Defendant argues that, assuming all facts as pleaded in the Complaint are true, this Court can afford no relief because it is not located in the county previously contemplated by the parties. (Doc. 24 at 3–10). Defendant first cites *Wood v. Milyard*, 566 U.S. 463, 474 (2012), to stand for the proposition that a "[forum selection] clause is an 'intentional relinquishment or abandonment of a known right' and operates as an express waiver." (Doc. 24 at 4). Thus, Defendant argues, the forum selection clause operates as an affirmative defense. (*Id.* at 4–5 citing Black's Law Dictionary 482 (9th ed. 2009)). Defendant concludes by asserting that, when an affirmative defense is apparent on the face of a Complaint, it is subject to a dismissal under Rule 12(b)(6). (*Id.* at 5 citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

Before the Court decided *Atlantic Marine*, the circuits were split on whether a forum selection clause should be enforced by dismissal under Rule 12(b)(6) for failure to state a claim[1] or Rule 12(b)(3) for improper venue.[2] The Tenth Circuit subscribed to the latter view. *See Riley*, 969 F.2d at 956 ("A motion to dismiss based on a forum selection clause frequently is analyzed as a motion to dismiss for improper venue." (citing cases)). However, *Atlantic Marine* held that a forum-selection clause "does not render venue in [federal] court 'wrong' or 'improper' within the meaning of § 1406(a) or Rule 12(b)(3)," but that enforcement may be achieved "through a motion to transfer under § 1404(a)." 571 U.S. at 59.

---

[1] *See Silva v. Encyclopedia Britannica Inc.,* 239 F.3d 385, 387 (1st Cir. 2001); *see also Salovaara v. Jackson Nat. Life Ins. Co.,* 246 F.3d 289, 298 (3d Cir. 2001); *Evolution Online Sys., Inc. v. Koninklijke PTT Nederland N.V.,* 145 F.3d 505, 508 n.6 (2d Cir. 1998).
[2] *See Union Elec. Co. v. Energy Ins. Mut. Ltd.,* 689 F.3d 968, 970–73 (8th Cir. 2012); *TradeComet.com, LLC v. Google, Inc.,* 647 F.3d 472, 479 (2d Cir. 2011); *see also Slater v. Energy Servs. Group Int'l, Inc.,* 634 F.3d 1326. 1333 (11th Cir. 2011); *Doe 1 v. AOL, LLC,* 552 F.3d 1077, 1081 (9th Cir. 2009); *Muzumdar v. Wellness Int'l Network, Ltd.,* 438 F.3d 759, 760 (7th Cir. 2006).

Defendant acknowledges there is no Tenth Circuit precedent in regard to whether a forum selection clause may be enforced through a Rule 12(b)(6) motion to dismiss. And to that end, the Court declines to forge new law in this Circuit when, as described below, transfer under § 1404 will serve to enforce the parties' forum-selection clause. Accordingly, Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) is **DENIED**.

**1. Motion to Transfer Under 28 U.S.C. § 1404(a)**

Defendant alternatively requests the Court transfer this case to the Western District of Oklahoma pursuant to 28 U.S.C. § 1404(a). (Doc. 24 at 10–11). A forum selection clause may be enforced by a motion to transfer under § 1404(a). *Atl. Marine*, 571 U.S. at 52. Under § 1404(a), a court may transfer a case to any judicial district in which it could originally have been filed "[f]or the convenience of parties and witnesses." The Tenth Circuit has identified several factors that should be considered by a district court when ruling on a motion to transfer:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1516 (10th Cir.1991) (quoting *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)).

However, a mandatory forum selection clause changes the traditional § 1404(a) analysis by affording no weight to the plaintiff's choice of forum and deeming the parties' "private-interest factors to weigh entirely in favor of the preselected forum." *Atl. Marine*, 571 U.S. at 63–64. When a defendant files a motion to transfer based on a valid forum-selection clause, "a district court

should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Id.* Thus, "[w]hen the parties have agreed to a valid forum selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Id.*

In his Response, Plaintiff argues that public interest factors militate against enforcement of the Agreement's forum-selection clause. Plaintiff cites a "***reduction***" of case filings in the Northern District of Oklahoma in 2020 and the fact that the Western District of Oklahoma had significantly more filings than the Northern District over the same period. (*Id.* at 5) (emphasis original). Plaintiff also references Defendant's "fraudulent advertising reaching across the state of Oklahoma" as well as its expansive employment and revenue for Oklahoma that gives the "community members in the Northern District . . . an important interest in this litigation." (*Id.* at 6). Plaintiff lastly points out that Defendant "***is*** at home" in this District because it "us[es] Oklahoma's infrastructure as an essential ingredient to the ongoing operation" of employing Oklahomans and generating revenue for the state. (*Id.* (emphasis original)).

The Court is not persuaded that the public-interest factors weigh substantially against giving effect to the parties' forum selection clause. As a preliminary matter, this District has treated the public interest factors as neutral when transferring a case to another Oklahoma district. *See, Kunneman Properties LLC v. Marathon Oil Co.*, 17–CV–456–JED–FHM, 2018 WL 337752, at *5 (N.D. Okla. January 9, 2018) ("The fourth, fifth, sixth, seventh, and eighth factors are all neutral and do not support transfer, as there is no relevant difference between the Northern and Western Districts [of Oklahoma] with respect to these factors." (quoting *Mojave Oil & Gas, L.L.C. v. EnerVest Operating, L.L.C.*, No. 16-CV-582-JHP-FHM, 2017 WL 2876469, at *3 (N.D. Okla. July 6, 2017))). Moreover, Plaintiff's reliance on the fewer case filings in the Northern District is

misplaced because it fails to account for the fact that there are twice as many Article III judges in the Western District, and therefore, the case distribution per judge is far greater in the Northern District. (Doc. 27 at 5); *Zimomra v. Alamo Rent-A-Car, Inc.*, 111 F.3d 1495, 1503 (10th Cir. 1997) ("Federal Rule of Evidence 201 authorizes court to take judicial notice of adjudicative facts at any stage of the proceedings, and in the absence of a request of a party.").

Finally, Plaintiff's characterization that Defendant is at home in this District belies its repeated references to Defendant's conduct from its headquarters in Oklahoma City—which is located in the Western District of Oklahoma. (Doc. 2 at 3–4, 8–13). While all reasonable inferences and factual conflicts are resolved in Plaintiff's favor, the Court finds the public-interest factors for transfer in this case are neutral. Accordingly, Plaintiff has failed to prove that "extraordinary circumstances . . . clearly disfavor transfer." *Atl. Marine*, 571 U.S. at 52.

Because Plaintiff has not shown that public-interest factors weigh strongly against transferring the case to the Western District of Oklahoma, the Court finds that the parties' forum-selection clause should be enforced by transferring the case to the district in which the parties contemplated. Accordingly, Defendant's Motion to Transfer is **GRANTED**.

### B. ODTPA

The parties entered into a contract where they agreed that their disputes would be litigated in Oklahoma County. Thus, the Court declines to decide Defendant's argument for dismissal on the merits. To that end, Defendant's motion to dismiss Plaintiff's ODTPA claim based on Plaintiff's failure to allege "competition" with Defendant, is **DENIED** with leave to renew after this case is transferred.

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss as it relates to venue is **DENIED** (Doc. 24), Defendant's alternative Motion to Transfer is **GRANTED** (Doc. 25), and Defendant's Motion to Dismiss as it relates to Plaintiff's ODTPA claims is **DENIED** (Doc. 24) with leave to refile after case is transferred. The Court Clerk is hereby **directed to transfer** this case to the United States District Court for the Western District of Oklahoma.

SO ORDERED this 14th day of September, 2021.

*[signature]*
TERENCE C. KERN
United States District Judge